# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Magistrate No. 24-MJ-6-UNA |
| -vs- | AUSA: Lyman E. Thornton, III |
| **EDWARD RICHMOND, JR.** | |

| | | | |
|---|---|---|---|
| **JUDGE:** | Erin Wilder-Doomes | **DATE:** | January 23, 2024 |
| **DEPUTY CLERK:** | Brandy Lemelle Route | **TAPE/REPORTER:** | |
| **INTERPRETER:** | | **PRETRIAL/PROBATION:** | Joseph Molyneaux |
| | | | Megan L. Shields |

## RULE 5(c)(3) HEARING

John S. McLindon made an appearance on behalf of Defendant Edward Richmond, Jr. ("Richmond").

Competency was established. Richmond was advised of his rights and the purpose of this hearing on charges pending in the District of Columbia.

The defense waived formal reading. The court summarized the Criminal Complaint to Richmond, advising him of the substance of the pending charges.

The government moved for a detention hearing under 18 U.S.C. §3142(f)(1)(A) on the basis that the offense involves a crime of violence, 18 U.S.C. §3142(f)(1)(E) on the basis that the offense involves the possession of a dangerous weapon, and 18 U.S.C. §3142(f)(2)(A) on the basis that Richmond is a serious risk of flight based on attempts to evade law enforcement and lack of identification documentation.

Richmond was advised of his right to identity and preliminary hearings, and transfer of the case to this district under Fed. R. Crim. Proc. 20.

CR26T2:55

**Richmond completed the Waiver of Rule 5 and 5.1 Hearings, confirming waiver of identity and preliminary hearings and requesting that the detention hearing be held in the Middle District of Louisiana. The waiver was filed with the court.**

**The Court took judicial notice of the factual information contained in the bond report.**

**FBI Agent Chandler Hudsbeth was sworn and testified on behalf of the government.**

**Government Exhibits US-2, US-3-a, US-3-b, US-3-c and US-4 were offered and admitted without objection.**

**The defense cross-examined Agent Chandler Hudsbeth.**

**The government redirected.**

**Government Exhibit US-3d was offered and admitted without objection.**

**The government rested.**

**The Defense proffered information to the court.**

**Defense Exhibits D-1 through D-3 were offered and admitted without objection.**

**The parties presented argument.**

**The court took a recess to review admitted exhibits and to meet with the United States Pretrial Services Office.**

**In accordance with Fed. R. Crim. Proc. 5(f), the Court confirmed the United States' disclosure obligations pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and ordered the government to comply. The government was advised that failure to comply may result in the imposition of consequences by the court. The government expressed understanding. A separate, order will also issue.**

**For oral reasons given, the court found that the government did not meet its burden of establishing by a preponderance of the evidence that Richmond is a risk of flight or by clear and convincing evidence that Richmond is a danger to others or the community because conditions exist that will reasonably assure his appearance and the safety of others and the community.**

**With regard to the risk of nonappearance, the government primarily relies on lack of a driver's license, expired Louisiana ID with an incorrect address, the change to his phone number shortly after the events of Jan. 6, 2021 and the fact that law enforcement went to several addresses available through open source while attempting to locate Richmond but did not find him at any of those. However, the defense provided documentation of attempts to contact law enforcement and the prosecutor involved in the case as early as January 2022 offering to put law enforcement in contact with Mr. Richmond (Defense Exh. D-1). While law enforcement undoubtedly had reasons for not accepting counsel's offer, having a lawyer contact law enforcement does not suggest an effort to flee or avoid prosecution. Also, having a minor child in high school for whom he appears to be the sole caregiver minimizes the risk that Richmond would attempt to flee.**

**While nature and circumstances of the offense and weight of the evidence weigh in favor of detention, history and characteristics of the defendant is neutral with information weighing in favor of and against release. With regard to the nature and seriousness of the danger Richmond poses overall, on one hand Richmond appears to be a loving father to his son. On the other, he has a conviction for a crime of violence from 2005 and he is currently charged with a crime of violence. However, the government appears to have had information for two years that could have allowed it to contact with Richmond sooner. Again, while there**

3

**may be good reasons for the government not to move quickly, that certainly suggests that Richmond may not be the threat the government now argues he is. Finally, regarding Richmond's alleged firearm possession as a prohibited person, any release conditions would necessarily include a restriction from the possession of firearms.**

**Edward Richmond, Jr. was ordered RELEASED with conditions.**

**The court reviewed the conditions of release with Richmond, which he signed. The court then reviewed the consequences of a release violation.**

\*\*\*\*\*\*\*\*\*\*\*\*